IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER,<br>    Plaintiff, | §<br>§<br>§ |
| v. | § EP-21-CV-00015-DCG-ATB<br>§ |
| MCCARTHY LAW, PLC, KEVIN<br>MCCARTHY, GOT LEADS 365, LLC,<br>IRSHAD HASAN, SMARTLEADS<br>MEDIA, LLC, and MICHAEL<br>GIANETTI,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ |

## REPORT AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

On this day, the Court considered Defendants' "Motion to Dismiss Plaintiff's Original Complaint," filed by Defendants SmartLeads Media, LLC and Michael Gianetti (collectively "SmartLeads")[1] on August 25, 2021. (ECF No. 23). The matter was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 1(d) of Appendix C of the Local Court Rules for a Report and Recommendation on November 30, 2021, by United States District Judge David C. Guaderrama. (ECF No. 39).

For the reasons set forth below, the Court **RECOMMENDS** that Defendants' Motion to Dismiss Plaintiff's Original Complaint be **DENIED**.

---

[1] Plaintiff Brandon Callier alleges that Defendant Michael Gianetti is the "officer of SmartLeads, Media, LLC." (ECF No. 15, p. 3).

1

## I. BACKGROUND[2]

### a. Procedural Background

Plaintiff Brandon Callier ("Callier"), proceeding *pro se*, filed his Complaint on January 25, 2021, alleging claims under the Telephone Consumer Protection Act ("TCPA"), the Federal Communications Commission ("FCC") regulations 47 C.F.R. § 64.1200(d), and the Texas Business and Commerce Code ("TBCC") against Defendant McCarthy Law surrounding unsolicited phone calls on January 19, 2021. (ECF No. 1). After Defendant McCarthy Law's initial disclosures, Callier filed his First Amended Complaint ("Complaint") on June 21, 2021, and added the SmartLeads Defendants. (ECF No. 15). SmartLeads was served on August 9, 2021 (ECF No. 22), and filed the instant Motion seeking the dismissal of Callier's Complaint on August 25, 2021. (ECF No. 23).

On October 1, 2021, after Callier failed to file a response to SmartLeads' Motion, the Court ordered Callier to show cause in writing "by October 15, 2021, as to why the Court should not grant Defendants' Motion as unopposed." (ECF No. 24, p. 1). On October 6, 2021, Callier responded to the Court's show cause order stating that he had not been served with SmartLeads' Motion, and requested until October 15, 2021, to respond to the Motion. (ECF No. 28). Thereafter, on October 25, 2021, Callier filed his Response to SmartLeads' Motion. (ECF No. 35). To date, SmartLeads has not filed a reply.

### b. Factual Background

In his Complaint, Callier claims that he received three phone calls from Defendants in violation of the TCPA, the FCC regulations, and the TBCC. (ECF No. 15, p. 11-13). Callier

---

[2] While recounting the procedural and factual backgrounds, the Court addresses only the facts relevant to the immediate Report and Recommendation.

2

asserts that "Defendant McCarthy identified Defendant Leads and Defendant Smart[L]eads as the telemarketing companies that called [Callier] and supplied Defendant McCarthy with [Callier's] information." (*Id.* at p. 7). Further, Callier alleges that "[e]ach time [Callier] answered the phone there was a long pause before an audible 'beep' [before Callier] was connected to a human being." (*Id.* at p. 6). Callier also alleges that "[n]o emergency necessitated the calls." (*Id.* at p. 8). Next, Callier alleges that "[e]ach and every telemarketer [Callier] spoke with failed to properly identify themselves and the parties they were calling on behalf of," "[n]one of the defendants ever sent Mr. Callier any do-not-call policy," "the Defendants did not have a written do-not-call policy while it was sending Mr. Callier the unsolicited calls," and "the Defendants did not train its agents who engaged in telemarketing on the existence and use of any do-not-call list." (*Id.* p. 7-8). Finally, Callier alleges that he "searched the Texas Secretary of State website on May 7, 2021[,] and did not find a solicitation certificate on file for any of the Defendants," including the SmartLeads Defendants. (*Id.* at p. 6).

## II.   LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'").

To resolve a Rule 12(b)(6) motion, courts must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am. Co.*, 322 F.3d 833, 885 (5th Cir. 2003) (citation omitted). A complaint states a "plausible claim for relief" when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The complaint "'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Furthermore, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). However, even a *pro se* complaint may not merely set forth conclusory allegations. The *pro se* litigant must still set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam) (citation omitted).

## III.   ANALYSIS

SmartLeads argues that Callier's claims should be dismissed because his Complaint does not meet the standard for pleading vicarious liability. Specifically, SmartLeads argues that Callier "[f]ails to allege any agency relationship between Defendants McCarthy Law and Kevin McCarthy and [SmartLeads]." (ECF No. 23, p. 4).

In response, Callier argues that SmartLeads' "arguments against vicarious liability claims are nonsensical in that the [vicarious] liability claims relate to Defendant McCarthy Law." (ECF No. 35, p. 5). Callier argues that the pertinent phone calls were made on behalf of McCarthy Law

4

"by third parties and according to McCarthy Law these third parties were Defendants SmartLeads and Got Leads." (*Id.*).

The TCPA states, in relevant part, that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to make any call (other than a call made for emergency purposes or made with prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . .

47 U.S.C. § 227(b)(1)(A)(iii). Further, the Code of Federal Regulations regarding Restrictions on Telemarketing, Telephone Solicitation, and Facsimile Advertising states, in relevant part, that "[n]o person or entity shall initiate . . . any call for telemarking purposes to a residential telephone[3] subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). Finally, the TBCC states, in relevant part, that "[a] seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation was made." Tex. Bus. & Com. Code § 302.101(a).

Here, the Court finds that SmartLeads mischaracterizes Callier's allegations by arguing that Defendants McCarthy and McCarthy Law are the "third-party callers." On the contrary, in his Complaint, Callier asserts that "Defendant McCarthy identified Defendant Leads and *Defendant Smart[L]eads* as the telemarketing companies that called [Callier] and supplied Defendant McCarthy with [Callier's] information."[4] (ECF No. 15, p. 7) (emphasis added).

---

[3] Callier asserts that his "cell phone is a residential number." (ECF No. 15, p. 10).
[4] When ruling on a motion to dismiss, the Court must accept the allegations plead in the Complaint as true. *See Ashcroft*, 556 U.S. at 678.

5

As to his claims under § 227(b)(1)(A) of the TCPA, Callier alleges that "[e]ach time [Callier] answered the phone there was a long pause before an audible 'beep' [then Callier] was connected to a human being" and that "[n]o emergency necessitated the calls." (*Id.* at p. 6, 8); *see McGrath v. Conn Appliances, Inc.*, CA No. 4:19-CV-1930, 2020 WL 10936167, at *5 (S.D. Tex. Oct. 30, 2020) ("[Plaintiff] pleads concrete facts . . . , specifically that [plaintiff] 'heard a pause or a beep when he answered [d]efendant's calls before being transferred to a live agent' . . . . Courts in this Circuit have regularly held that such facts are sufficient to allege use of an [automatic telephone dialing system].") (collecting cases). As to his claims under 47 C.F.R. §64.1200(d), Callier alleges that "[e]ach and every telemarketer [Callier] spoke with failed to properly identify themselves and the parties they were calling on behalf of," "[n]one of the defendants ever sent Mr. Callier any do-not-call policy," "the Defendants did not have a written do-not-call policy while it was sending Mr. Callier the unsolicited calls," and "the Defendants did not train its agents who engaged in telemarketing on the existence and use of any do-not-call list." (ECF No. 15, p. 7-8); *see* 47 C.F.R. § 64.1200(d)(1-2, 4). Finally, as to his claims under the TBCC, Callier alleges that he "searched the Texas Secretary of State website on May 7, 2021[,] and did not find a solicitation certificate on file for any of the Defendants," including SmartLeads. (ECF No. 15, p. 6).

In sum, liberally construing Callier's Complaint with all reasonable inferences resolved in the light most favorable to Callier, the Court finds that Callier has alleged that SmartLeads is directly liable under the TCPA, the FCC regulations, and the TBCC. *See Callier v. Keeping Capital, LLC*, EP-21-CV-00011-DCG, 2021 WL 2742766 (W.D. Tex. Apr. 22, 2021) (granting plaintiff's motion for default judgment and entering judgment in favor of plaintiff under similar facts). Therefore, the Court finds no merit in SmartLeads' arguments relating to vicarious liability. Accordingly, the Court recommends SmartLeads' Motion to Dismiss be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Callier has stated a claim against SmartLeads under the TCPA, the FCC regulations, and the TBCC, and that SmartLeads' arguments regarding vicarious liability are not relevant to Callier's claims against them.

Accordingly, the Court **RECOMMENDS** that Defendants' Motion to Dismiss Plaintiff's Original Complaint be **DENIED**.

**SIGNED** and **ENTERED** this 20th day of December, 2021.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**